The title of George W. Anderson in the home farm was in trust for his wife. That title being held in trust did not pass to Anderson's assignee in bankruptcy, but remained in him for the benefit of his wife, none but a life interest in the property attaching to himself. None but this life estate can be subject to the judgment liens against Anderson. The agreement of Mrs. Anderson, signed and acknowledged the 20th December, 1872, was made so unwillingly and under such moral duress that a court of equity ought to set it aside; the more as the acknowledgment of it was made before a notary who was of counsel for her adversaries and thereby morally disqualified from taking it. As the proceedings in the circuit court of Montgomery county were coram non judice, the decree of that court carrying the agreement into execution was a nullity; nothing but the agreement itself can be considered in the case.

---

## Case No. 352.

### In re ANDERSON.

[2 N. B. R. 537, (Quarto, 166.)]

District Court, D. North Carolina.

BANKRUPTCY—COSTS—POOR DEBTOR'S OATH.

[Rule 30 in bankruptcy provides that, where the debtor "makes proof to the satisfaction of the court" that he is unable to pay the costs prescribed by the act and rules, the judge may, in his discretion, direct that the costs shall be limited to the amount required to be deposited. Held, that such an order will not be made upon the mere affidavit of the debtor that he is unable to pay the costs, as that is merely a statement of opinion, which may not be justified by the facts.]

[In bankruptcy. The bankrupt alleges that he has filed his petition, and has deposited $50, as required by law; makes affidavit as to his inability to pay the costs prescribed by the bankrupt act and the general orders in bankruptcy, exceeding the sum deposited; and prays that an order may be made by the court directing that the fees and costs should not exceed said sum.]

John W. Hinsdale, for bankrupt.

BROOKS, District Judge. This is a petition at the instance of David Anderson, filed the 28th December, 1868, who alleges that he has filed his petition in bankruptcy, that he

has deposited fifty dollars as required by law, and makes oath that he is unable to pay the costs prescribed by the bankrupt act and the general orders in bankruptcy, exceeding said sum deposited.

The language of that part of Rule 30 which relates to this subject, is as follows: "In cases where the debtor has no means, and makes proof to the satisfaction of the court that he is unable to pay the costs prescribed by the act and these orders, the judge, in his discretion, may direct that the fees and costs therein shall not exceed the sum required to be deposited."

The petitioner rests his application for the order he asks, upon his declaration alone, made under oath, that he is unable to pay more than the sum deposited. I do not regard his inability sufficiently shown in this case. There are some laws so formed as to require a judicial officer to do certain official acts upon certain prescribed oath or oaths being made before him, as in our attachment laws. If the party applying shall make the oaths required, and execute the bonds, there is no discretion left with the judge, justice, or clerk; they must issue the attachment demanded. I might refer to other acts of our assembly of a similar character. There is a marked difference in the effect of the language used in these acts and that quoted above from Rule 30 in bankruptcy. In the former, the officer to whom application is made must act, he must grant the process when the prescribed oaths are made; there is no discretion: and in the latter, the oath of the petitioner may be considered with, or without, the affidavits of other persons to aid the judge in exercising a sound discretion.

The court is to presume every petitioner able to pay the lawful costs in a proceeding in bankruptcy, until he who may allege inability to pay such costs "shall make proof to the satisfaction of the court." Now, the petitioner swears that he is unable to pay any additional costs, and I grant that the petitioner may honestly believe this to be true, yet, if I knew his situation and circumstances fully, I might entertain a contrary opinion. There are those who would, and, indeed, do often declare their inability to pay a debt, and such are sometimes doubtless honest in the opinion so expressed; and yet I would as honestly differ with them upon the question of their ability: such might believe that it was of the highest necessity to support a style of living or even extravagance, which I would regard in no way necessary or proper in one involved in debt. In this case were I to grant the prayer of the petitioner, I would do so only upon the opinion of the petitioner, without any statement even made by him from which I am able to determine whether his opinion is correct or otherwise. The prayer of the petitioner is refused. Let this be certified to the petitioner.